**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Harold and Alma MARKSBERRY,**
**Defendants-Appellants.**

Nos. 79–5117–18.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 16, 1980.

Decided Feb. 4, 1981.

William C. Oldfield, Covington, Ky., for defendant-appellant in No. 79–5117.

James L. Cobb, Jr., Covington, Ky., for defendant-appellant in No. 79–5118.

Patrick H. Molloy, U. S. Atty., James E. Arehart, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee in both cases.

Before LIVELY and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

These consolidated appeals present two principal issues: (1) whether there was sufficient evidence to convict the appellants, Harold and Alma Marksberry, of a conspiracy to bribe a public official in violation of 18 U.S.C. § 371; and (2) whether there was sufficient evidence to convict Harold Marksberry of bribing a public official in violation of § 201(b)(3).

Harold Marksberry and his wife, Alma, were tried jointly before a jury and found guilty. Mrs. Marksberry was found guilty of one count of conspiracy and ten counts of bribing a public official. Mr. Marksberry was found guilty of one count of conspiracy and two counts of bribing a public official.

Included in the evidence introduced by the Government was the following: The Marksberrys' 1974, 1975 and 1976 tax returns were audited by the Internal Revenue Service. Mrs. Marksberry was contacted by telephone by Special Agent Lester Ballance in connection with the audit. During the conversation Mrs. Marksberry said she would like to see the audit come to an end and offered Agent Ballance several hundred dollars if he would end the audit.

On July 19, 1978, Agent Ballance again contacted Mrs. Marksberry. During the conversation she repeated her offer of several hundred dollars if Agent Ballance would end the audit. She added that she would like for Agent Ballance to take the money as a friend and not tell anyone about it. Agent Ballance reported this conversation to his superiors. Subsequent conversations with the Marksberrys were monitored.

On July 27, 1978, Mrs. Marksberry and Agent Ballance had a third conversation. Agent Ballance asked if the offer of money to end the audit was still open. Mrs. Marksberry answered in the affirmative and they proceeded to discuss an amount. Mrs. Marksberry offered $500 and said she would try to come up with $1,000.00.

On July 28, 1978, Mrs. Marksberry and Agent Ballance had a fourth conversation. She stated that she had talked to her husband the night before and that she could not come up with more than $1,000 without telling him. She also mentioned a $1,000 estimated tax which the Marksberrys had paid the year before and suggested that if Ballance could get that money back she could pay him more.

On August 4, 1978, Agent Ballance again met with Mrs. Marksberry. He told her that the audit showed about $50,000 was owed. She again brought up the $1,000 estimated tax which the Marksberrys had paid the year before and stated that her husband would be glad to give Agent Ballance $500 out of that for "straightening up our other stuff." She then paid Agent Ballance $500.00.

On August 17, 1978, the date upon which the District Court found the conspiracy began, Agent Ballance met with both appellants. Agent Ballance delivered to them the no change reports for which they had paid him $500. The husband then agreed to give Agent Ballance $500 of the $1,000 estimated tax paid by the Marksberrys the year before if Agent Ballance would recover the

$1,000. At the end of this meeting Mrs. Marksberry gave Agent Ballance another $500.

On September 6, 1978, Agent Ballance talked to Mr. Marksberry, who mentioned a "friend" in Louisville, Kentucky, who he said needed a favor similar to that done by Ballance for the Marksberrys. Mr. Marksberry proposed to serve as the go-between, but that Ballance and the "friend" were to keep their dealings secret. On September 21, 1978, Mrs. Marksberry discussed the Louisville "friend" with Agent Ballance.

"The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Applying this standard we conclude that the evidence is sufficient to sustain the convictions of both appellants. Harold Marksberry contends that the district court erred in failing to grant a severance to him at the close of the Government's case. This and all other contentions of appellants have been considered and we conclude that they are without merit.

Affirmed.